# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, CDCR #D-56620,<br><br>Plaintiff,<br><br>vs.<br><br>SELEAINA ANNE THOMAS, et al.,<br><br>Defendants. | Civil No.   09-1334 WQH (NLS)<br><br>**ORDER:**<br><br>**(1)   DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1); and**<br><br>**(2)   DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>**[Doc. Nos. 3, 4]** |

Plaintiff, a state inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. §1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 2], along with a Motion for Appointment of Counsel [Doc. No. 3].

/ / /

# I.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c).  The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of a case Plaintiff has already litigated. Plaintiff's Complaint contains identical claims and defendants that are found in *Bryant v. Thomas, et al.*, S.D. Cal. Civil Case No. 06-2573 W (AJB).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Because Plaintiff has already litigated the same claims presented in the instant action in *Bryant v. Thomas, et al.*, S.D. Cal. Civil Case No. 06-2573 W (AJB), the Court hereby **DISMISSES** the claims against Defendants Thomas, Levin, Vrooman, Sepulveda, Edwards and Scribner in Civil Case No. 09cv1334 WQH (NLS) pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

The remaining claims in Plaintiff's Complaint must be dismissed for lack of proper venue.  Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486,

1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, the remaining claims arise from events that occurred at Kern Valley State Prison and all the remaining Defendants are alleged to reside in Kern County or Sacramento. None of the remaining Defendants are alleged to reside in the Southern District. *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Thus, venue may be proper in the Eastern District of California, pursuant to 28 U.S.C. § 84 but *not* in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. The Court dismisses the remaining claims without prejudice should Plaintiff choose to file a new action in the Eastern District of California.

## II.  Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint in Civil Case No. 09cv1334 WQH (NLS) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and for lack of proper venue. Plaintiff's Motion to Proceed IFP [Doc. No. 2] and Motion for Appointment of Counsel [Doc. No. 3] are **DENIED** as moot. The Clerk shall close the file.

DATED: July 24, 2009

**WILLIAM Q. HAYES**
United States District Judge