# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, CDCR #D-56620,<br><br>Plaintiff,<br><br>vs.<br><br>SELEAINA ANNE THOMAS, et al.,<br><br>Defendants. | Civil No.   09-1334 WQH (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br>[Doc. Nos. 9, 11] |

On June 19, 2009, Kevin Darnell Bryant, ("Plaintiff"), an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").

On July 24, 2009, this Court dismissed Plaintiff's civil action as frivolous because the Court found that Plaintiff had already filed an action against the same defendants involving the same claims in *Bryant v. Thomas, et al.*, S.D. Cal. Civil Case No. 06-2573 W (AJB). *See* July 24, 2009 Order at 2-3.

Plaintiff seeks reconsideration of the Court's Order. *See* Pl.'s Mot. for Reconsideration filed on August 24, 2009 and September 23, 2009 [Doc. Nos. 9, 11].

## I. Plaintiff's Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B. Discussion

In the Court's July 24, 2009 Order, the Court found that Plaintiff had previously filed an action that contained the same claims against the same defendants. *See* July 24, 2009 Order at 2-3. Specifically, the Court took judicial notice of the action filed by Plaintiff in *Bryant v.*

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1  *Thomas, et al.*, S.D. Cal. Civil Case No. 06cv2573 W (AJB). Plaintiff's action was dismissed
2  on February 6, 2007. (*Id.*, Feb. 6, 2007 Dismissal Order, Doc. No. 5).

3  In the matter currently before the Court Plaintiff claims he was unable to follow the
4  Court's Orders to reopen the matter because he was transferred to a different prison, his legal
5  property was withheld from him and he was on "high doses of heavy psychiatric medications"
6  for the last twenty three (23) months. (*See* Pl.'s Mot., Doc. No. 11, at 3).

7  Based on the representations in Plaintiff's Motion, the Court will **GRANT** Plaintiff's
8  Motions for Reconsideration, vacate the Court's July 24, 2009 Order and direct the Clerk of
9  Court to reopen the case. However, the Court will also rule on Plaintiff's Motion to Proceed IFP
10 and conduct a sua sponte screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)
11 and 1915A in a separate Order.

## III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motions for Reconsideration (Doc. Nos. 9, 11) are **GRANTED**. The Court also **VACATES** the Order filed on July 24, 2009.

(2) The Clerk of Court is directed to reopen the file.

**IT IS SO ORDERED.**

DATED: September 28, 2009

**WILLIAM Q. HAYES**
United States District Judge