1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

KEVIN DARNELL BRYANT,
CDCR #D-56620,

                          Plaintiff,


                vs.




SELEAINA ANNE THOMAS, et al.,



                          Defendants.

Civil No.    09-1334 WQH (NLS)


**ORDER:**

**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LAW LIBRARY ACCESS [Doc. Nos. 3, 14];**

**(2)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**

**(3)  SUA SPONTE DISMISSING CLAIMS AND DEFENDANTS FOR LACK OF PROPER VENUE AND FOR FAILING TO STATE A CLAIM; AND**

**(4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)**

I.      PROCEDURAL HISTORY

On June 19, 2009, Plaintiff, a state inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. §1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 2], along with a Motion for Appointment of Counsel [Doc. No. 3].

On July 24, 2009, this Court dismissed Plaintiff's civil action as frivolous because the Court found that Plaintiff had already filed an action against the same defendants involving the same claims in *Bryant v. Thomas, et al.*, S.D. Cal. Civil Case No. 06-2573 WQH (AJB).  *See* July 24, 2009 Order at 2-3. Plaintiff filed a Motion for Reconsideration because he claimed that he was unable to pursue the 2006 action due to his transfer to a different prison, legal property being withheld from him, and he has been on "high doses of heavy psychiatric medications" for nearly two years.  *See* Pl.'s Mot., Doc. No. 11, at 3.  Based on these representations, the Court vacated its July 24, 2009 Order and directed the Clerk of Court to reopen this action. *See* Sept. 28, 2009 Order at 3.  However, the Court informed Plaintiff that his Complaint would be subject to a sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *Id.*

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately

preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. However, Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LAW LIBRARY ACCESS

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal

1  courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United*

2  *States District Court*, 490 U.S. 296, 310 (1989).

3          However, "[t]itle 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to

4  'request an attorney to represent any person unable to afford counsel.'" *Solis v. County of Los*

5  *Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); *see also Agyeman*

6  *v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Such discretion may be exercised

7  upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

8  Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "To show exceptional

9  circumstances the litigant must demonstrate the likelihood of success and complexity of the legal

10 issues involved."  *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v.*

11 *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Neither the likelihood of success nor the

12 complexity of the case are dispositive; both must be considered.  *Terrell*, 935 F.2d at 1017;

13 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

14         Here, it appears that at this stage of the proceedings, Plaintiff has a sufficient grasp of his

15 case, the legal issues involved, and is able to adequately articulate the factual basis of his claims.

16 Under these circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel

17 [Doc. No. 3] without prejudice at this time.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.

18 1987); *Terrell*, 935 F.2d at 1017.

19         In addition, Plaintiff has filed a "Motion for Court Order Law Library Access." [Doc. No.

20 14].  In this request, Plaintiff is requesting that this Court order prison officials at Kern Valley

21 State Prison to provide Plaintiff nine hours of law library access per week.  At this time, Plaintiff

22 has not shown an inability to file documents in this matter and there is no cause for this Court

23 to order additional law library time in excess of Plaintiff's permitted time.  Thus, Plaintiff's

24 "Motion for Court Order Law Library Access" is DENIED without prejudice.

25                                              **III.**

26         **SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A**

27         The PLRA also obligates the Court to review complaints filed by all persons proceeding

28 IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Id.*

As an initial matter, the Court finds that Plaintiff's allegations against the Calipatria State Prison Defendants, Thomas, Levin, Vrooman, Sepulveda, Edwards and Scribner are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27.  Plaintiff is therefore entitled to U.S. Marshal service upon these Defendants on his behalf.  *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3)  ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C.

1  § 1915.").   Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is

2  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant]

3  may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

4      However, to the extent that Plaintiff is seeking to hold James Tilton and Matthew Cate

5  in their capacity as the former Director and current Secretary of  the California Department of

6  Corrections and Rehabilitation ("CDCR") liable in their supervisory capacity, these claims must

7  be dismissed for failing to state a claim upon which relief may be granted.  Such allegations are

8  insufficient to state a claim against Defendants Tilton and Cate because there is no respondeat

9  superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

10 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and

11 responsibilities of each individual defendant whose acts or omissions are alleged to have caused

12 a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*

13 *v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff

14 must allege personal acts by each individual Defendant which have a direct causal connection

15 to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.

16 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

17     Supervisory prison officials may only be held liable for the allegedly unconstitutional

18 violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

19 extent they personally participated in or directed a subordinate's actions, and (2) in either acting

20 or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

21 constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded,

22 however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

23 support an individualized constitutional claim against Defendants Tilton and Cate.

24     Moreover, to the extent Plaintiff asserts claims against the CDCR, , the Court finds his

25 Complaint must be dismissed  for seeking damages against a defendant who is immune pursuant

26 to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).  The State of California and the CDCR,  an agency of

27 the State of California, are not "persons" subject to suit under § 1983 and are instead, entitled

28 to absolute immunity from monetary damages actions under the Eleventh Amendment.  *See*

1  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School &*

2  *Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387,

3  1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within

4  the meaning of § 1983).  Therefore, Plaintiff's claims against the CDCR are hereby dismissed

5  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

6  　　　Finally, all the remaining claims are against Defendants at Kern Valley State Prison that

7  have no relation to the claims that arose while Plaintiff was incarcerated at Calipatria State

8  Prison.  These claims and Defendants  must be dismissed for lack of proper venue.  Venue may

9  be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and

10  the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A

11  civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as

12  otherwise provided by law, be brought only in (1) a judicial district where any defendant resides,

13  if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

14  events or omissions giving rise to the claim occurred, or a substantial part of property that is the

15  subject of the action is situated, or (3) a judicial district in which any defendant may be found,

16  if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b);

17  *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842

18  (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue in the

19  wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case

20  to any district in or division in which it could have been brought."  28 U.S.C. § 1406(a).

21  　　　Here, the remaining claims arise from events that occurred at Kern Valley State Prison

22  and all the remaining Defendants are alleged to reside in Kern County or Sacramento. None of

23  the remaining Defendants are alleged to reside in the Southern District.  *See* 28 U.S.C. 84(d)

24  ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

25  　　　Thus, venue as to these claims may be proper in the Eastern District of California,

26  pursuant to 28 U.S.C. § 84 but *not* in the Southern District of California.  *See* 28 U.S.C.

27  § 1391(b); *Costlow*, 790 F.2d at 1488.

28  / / /

**IV.    CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**;

2.    Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED;**

3.    Plaintiff's Motion for Court Order Law Library Access [Doc. No. 14] is **DENIED** without prejudice;

4.    The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the civil filing fee owed in this case by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

5.    The Clerk of the Court is directed to serve a copy of this order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

6.    Defendants Cate, Tilton and the California Department of Corrections and Rehabilitation are  **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) &  1915A;

7.    Defendants Harrington, Lopez, Huddleston, Hedgpeth, Adams, Chen, Nguyen, Vasquez, Spaeth, Kim and Szerrenyl are dismissed for lack of proper venue. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

8.    The Clerk shall issue a summons upon the remaining Defendants **Thomas, Levin, Vrooman, Sepulveda, Edwards and Scribner**, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint and the summons for purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff

is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

9.      Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and/or § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

10.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  November 9, 2009

**WILLIAM Q. HAYES**
United States District Judge