UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT )<br><br>Plaintiff, )<br>v. )<br>)<br>SELEAINA ANN THOMAS, et al., )<br>)<br>Defendants. )<br>_____ ) | Civil No. 09-1334 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 39] |

Plaintiff has filed a Motion for Leave to File a First Amended Complaint ("FAC"). [Doc. No. 39.] Defendants have filed an Opposition ("Opp.") [doc. no. 41] and Plaintiff has filed a Reply [doc. no. 43]. The Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's motion.

**PROCEDURAL BACKGROUND**

On June 9, 2009, Kevin Darnell Bryant ("Plaintiff"), a prisoner currently incarcerated at Kern Valley State Prison in Delano, California, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a civil rights action pursuant to 42 U.S.C. § 1983, claiming Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment while he was housed at Calipatria State Prison.

On November 9, 2009, the District Court *sua sponte* dismissed several Defendants based on lack of proper venue and ordered the Clerk of Court to issue summons to the remaining Defendants, Seleaina Ann Thomas, Nurse Practitioner; Martin Levin, CMO; Vrooman, MTA; Sepulveda, Nurse; Edwards, Appeals Coordinator; and L.E. Scriber, Warden. [Doc. No. 16.] Service was effected on all Defendants, with the exception of Thomas, who no longer worked at Calipatria.

On November 30, 2009, Plaintiff filed a Motion to File a First Amended Complaint. [Doc. No. 18.] Although the Court granted Plaintiff's request, with certain limitations, Plaintiff did not at that time file an amended complaint. [Doc. No. 19.]

On March 9, 2010 all Defendants, except Thomas, filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 26.] On September 30, 2010, the District Court issued an Order granting Defendants' motion to dismiss without prejudice, and directing service via a confidential memorandum on Defendant Thomas who had remained unserved.

Plaintiff has now filed his second Motion For Leave to File a First Amended Complaint along with a copy of the proposed FAC. [Doc. No. 39.]

**DISCUSSION**

I. *Defendants Szerrenyl and Sellen*

The FAC reasserts a claim against Peter Szerrenyl, CDCR Medical Director. The District Court dismissed Defendant Szerrenyl for lack of proper venue in the order dated November 9, 2009. [Order Sua Sponte Dismissing Claims and Defendants; Doc. No. 16.] In its December 28, 2009 Order granting in part Plaintiff's motion to file an amended complaint, this Court alerted Plaintiff to the fact that an amended complaint should not include Defendants and claims dismissed in the prior order for lack of venue. [Doc. No. 19 at 2.] The Court reminds Plaintiff in this Order that he cannot include Defendant Szerrenyl because of the lack of proper venue.

Plaintiff also seeks the addition of a new Defendant, Robert Sellen, the Federal Receiver, under Federal Rule of Civil Procedure 19(a). This rule allows joinder of a party if, in that party's absence, complete relief cannot be ordered. Plaintiff does not present any argument supporting the necessity of joinder under Rule 19(a). Nor does Plaintiff allege any personal acts by Sellen that had a direct causal connection to the constitutional violation at issue. The Court must assume Plaintiff seeks to hold Sellen responsible in his supervisory capacity as the Federal Receiver. However, under 42 U.S.C. § 1983, an allegation of respondeat superior is insufficient to state a claim against Sellen. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Thus, the Court finds no basis upon which Plaintiff should be given leave to add this Defendant to the amended complaint.

II.     *Judicial Notice*

Plaintiff requests the Court take judicial notice of its database to note the numerous civil complaints filed against Defendant Thomas. [Reply at 5.] The Court need not address this issue as it has already been ruled upon. The District Court previously stated, "each case must be decided on its own facts" and there would be no probative value in searching for other complaints filed against Thomas. [Doc. No. 32 at 4-5.]

III.    *Leave to Amend*

A.     Legal Standard

A party may amend its pleading once as a matter of course 21 days after a motion to dismiss is served. Fed. R. Civ. P. 15(a)(1)(B). Leave to amend pleadings "out of time" is within the discretion of the Court and "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 668 F.2d 1014,1053 n.68 (9th Cir. 1981)*; see also International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by a strong policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 186 & 187 (9th Cir. 1987) (internal citations and quotations omitted). In assessing the propriety of amendment, the Court should consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) the futility of amendment. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. *William Inglis*, 668 F.2d at 1053 n. 68. Another factor sometimes considered is whether the moving party has previously amended his pleading, for the district court's discretion is especially broad "when the court has already given a plaintiff one or more opportunities to amend his complaint." *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

B.     Application of Standard to Plaintiff's Proposed FAC

There is nothing to suggest, and Defendants do not argue, Plaintiff is seeking to amend his complaint in bad faith. *See e.g. Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (Plaintiff found to be acting in bad faith when seeking to add a defendant for purpose of destroying diversity and jurisdiction of court). Second, any delay in filing the motion to amend has not been unduly long considering the difficulty with obtaining Defendant Thomas' address for service and the restrictions Plaintiff, as a pro se inmate, has

encountered in assembling his legal materials. In any event, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs Ltd.*, 833 F.2d at 186. Although Defendants claim they will suffer prejudice because the alleged events took place in or about 2006, the record reflects that Plaintiff has pursued this action consistently since 2009 and maintained the same allegations throughout. Thus, Defendants have been on notice of the allegations since the initial Complaint was filed and will not be prejudiced by the delay.

While Plaintiff's claims have remained the same, Plaintiff states he has added more detailed and new facts to his proposed FAC to support the claims against Defendants. Having reviewed the FAC with the required liberality, the Court agrees that with regard to Defendants Vrooman and Sepulveda Plaintiff has established a more direct connection between Defendants' actions and the alleged constitutional violations. Specifically, Plaintiff states in the FAC that Vrooman and Sepulveda "refused to even allow me to come inside the clinic, refused to clean even the bleeding wounds I got from my falls." [FAC at ¶21.] The Court has not been presented with whether these particular facts may constitute a denial, delay or intentional interference with medical treatment for purposes of Plaintiff's Eighth Amendment claim. Plaintiff's other allegations and legal theories, however, regarding Defendants Levin and Scribner remain the same as those that were dismissed. Thus, the reassertion of the claims against Levin and Scribner would be futile as they would not change the result of a motion to dismiss for failure to state a claim . *See DCD Programs Ltd.*, 833 F.2d, at 188, *citing Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983) (when preferred amendment merely restates same facts using different language or reasserts a claim previously determined the court is justified in denying request to amend).

The Court finds Plaintiff should be afforded the opportunity to test his claims against Defendants Thomas, Vrooman, and Sepulveda since the underlying facts and circumstances of the case may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (where possible a plaintiff ought to be afforded the opportunity to test his claims on the merits). The Court also notes this is Plaintiff's first amendment to the original Complaint.

## CONCLUSION

The Court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Based on the foregoing, the court **RECOMMENDS**:

1. **DENYING** Plaintiff's Motion to File a First Amended Complaint against Defendants Levin, Scribner, Szerrenyl, and Sellen.

2. **GRANTING** the Motion to File a First Amended Complaint against Defendants Thomas, Vrooman, and Sepulveda.

3. No later than **May 2, 2011** any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

4. Any reply to the objections shall be filed with the court and served on all parties no later than **May 13, 2011.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: April 11, 2011

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court