UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>               Plaintiff,<br>   v.<br>SELEAINA ANN THOMAS, et al.,<br>               Defendants. | Case No. 09cv1334-WQH (MDD)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>[Doc. No. 70] |

      On April 9, 2012, Plaintiff in the above-entitled matter filed a Motion to Compel. (Doc. No. 70). On April 27, 2012, Defendants filed a Response in Opposition. (Doc. No. 74). In his Motion, Plaintiff contends that Defendants have refused to provide him with requested discovery, and that Defendants' objections to producing discovery are meritless. (Doc. No. 70). In their Response, Defendants contend that Plaintiff's Motion should be denied because it fails to state why Plaintiff is entitled to relief. (Doc. No. 74).

<u>Background</u>

      In his First Amended Complaint, Plaintiff, a state prisoner, alleges that Defendant Thomas, a family nurse practitioner, was deliberately indifferent to his serious medical needs when she repeatedly refused to treat him after an injury. Plaintiff states that he fell from the top bunk of his cell three times, and then

requested medical treatment. Plaintiff contends that Defendants repeatedly ignored his requests for treatment and deliberately hindered his recovery. Id. Specifically, Plaintiff contends that Defendant Thomas refused to honor his previously issued medical chrono, forced him to return a neck brace even though he still needed it, and failed to prescribe pain medication. (FAC at ¶7-30).

Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. Id.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Id. at 34(b). The responding

party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal.1995).

A motion to compel is appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). The party seeking the motion to compel discovery has the burden of informing the court why the defendant's objections are not justified or why the defendants' responses are deficient. Id.

Discussion

As an initial matter, Defendants contend that Plaintiff's Motion should be dismissed because Plaintiff has not stated with particularity the grounds upon which he is entitled to relief. Id. at 2. Defendants assert that Plaintiff fails to address Defendants' specific objections or give a reasonable explanation as to why the Court should compel responses to his request for the production of documents. Id.

Plaintiff does make specific arguments with regard to his Requests for Production of Documents Nos. 14 and 15. As to these requests, Plaintiff addresses Defendants' objections, and explains why he believes he is entitled to the requested discovery. (Doc. No. 70 at 4).

As to the rest of Plaintiff's requests, however, the Court agrees with Defendants that Plaintiff has failed to state with specificity why he is entitled to discovery. Plaintiff's conclusory assertion that Defendants' objections are in bad faith are not grounds for granting his Motion. Fed. R. Civ. P. 37(a)(3). Nevertheless, out of abundance of caution the Court conducted an independent review of Plaintiff's requests and Defendants' responses and finds that Defendants'

objections are proper, and that no additional discovery is warranted.  Accordingly, Plaintiff's Motion is **DENIED** as to all requests for discovery other than his Requests for the Production of Documents Nos. 14 and 15.

As to Plaintiff's Requests for the Production of Documents Nos. 14 and 15, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

In Request No. 14, Plaintiff requests:

> Any and all documents, records and files generated by all the medical review boards and committees and meetings at CAL of defendant Thomas supervisory staff in their entirety regarding the reviews and approvals of all orders, reports, diagnosis and overall medical care of plaintiff done by Thomas in its entirety.

In Request No. 15, Plaintiff requests:

> Any and all documents created by the medical review boards, committees, and the CMO Fr. Martin Levin regarding and resulting from any and all complaints, grievances, 602 appeals and court actions filed on defendant Thomas regarding allegations of her medical negligence, incompetence, malpractice, deliberate indifference, wrongful death, gross negligence and failure to provide medical care from the first day of her employment to the last including all CMO's and each and every CDCR prison adult &juvenile that she has worked at. All documents and info provided to CDCR by defendant Thomas regarding her medical education, training, work history, and all references and all discoverable records from her employment file.

Defendants objected to these requests as irrelevant and overly broad. Defendants contend that because Plaintiff's claim against Thomas is for deliberate indifference to serious medical needs, Plaintiff's requests for documents regarding any other alleged misconduct is irrelevant.

As to Request No. 14, Plaintiff's Motion is **GRANTED IN PART**. Documents created by supervisory officials concerning Thomas' treatment of Plaintiff are relevant as they may bear on whether Thomas acted with deliberate indifference towards the Plaintiff.  While Defendants are correct that many of these documents are protected by the official information privilege, that does not bar discovery.  <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990).

Official information is discoverable if the potential benefit in discovery outweighs any potential disadvantages. Id. Here, the Court finds that with regard to documents created by Thomas' supervisors that evaluate Thomas' care or treatment of the Plaintiff, the potential benefits outweigh the asserted privilege. As such, Defendants are **ORDERED** to provide Plaintiff with the requested documents no later than **June 15, 2012**. To the extent that Plaintiff's request seeks any other documents, it is **DENIED**.

As to Request No. 15, Plaintiff's requests are overly broad and request several categories of irrelevant documents. Plaintiff's claims against Defendant Thomas allege that Thomas refused to examine him, lied about ordering pain medication, and intimidated Plaintiff into removing his neck brace. As these are specific allegations of deliberate action, documents regarding past instances of Thomas' negligence or malpractice are irrelevant to Plaintiff's claim. In the alternative, Plaintiff argues that the requested documents are relevant as impeachment evidence since Thomas has been designated as an expert. This does not rescue Plaintiff's requests. Mere allegations of past misconduct are not relevant to Thomas' credentials to testify as an expert.

Only documents detailing past instances where Thomas was found to be deliberately indifferent to patients or found to have improperly refused to treat patients are relevant to Plaintiff's claims. Accordingly, the Court will address Defendants' other objections as to this category of documents. As to all other categories of documents, Plaintiff's Motion is **DENIED**.

As to documents detailing past instances where Thomas was found to have improperly refused to treat patients or was found to have been deliberately indifferent with regard to patient care, Defendants also object to Plaintiff's requests on the grounds that, to the extent that Plaintiff seeks Defendants' personnel files, responses may invade privacy rights of the Defendant or third parties and would violate the federal Health Insurance Portability and Accountability Act ("HIPAA").

Defendants further object to disclosure of personnel files on the grounds that such files are protected by the official information privilege. Plaintiff counters that he is not seeking personnel records, he is only seeking documents pertaining to allegations or complaints against Thomas.

Defendants are correct that government personnel files are generally considered official information. <u>Sanchez</u>, 936 F.2d at 1033. <u>Id.</u> Further weighing against disclosure is the fact that many of the requested documents are likely to contain confidential medical information of third parties which are protected from unauthorized disclosure by HIPAA. Disclosure of the confidential medical information of third parties requires that the party seeking discovery provide assurances to the healthcare provider that reasonable efforts have been made to secure a qualified protective order. 45 C.F.R. § 164.512(e). Plaintiff has provided no such assurances and accordingly the Court will not order the disclosure of confidential medical information of third parties.

Weighing the possible benefits of discovery against both the Defendants' asserted official information privilege, and the privacy concerns of third party inmates, the Court finds that there is a narrow category of documents where discovery is appropriate. Plaintiff's Motion is **GRANTED** as to any documents created by supervisory officials evaluating Thomas' refusal to treat patients and finding it unjustified or finding that Thomas was deliberately indifferent to patient needs. To the extent that such documents exist, and to the extent that they do not contain the confidential medical information of third parties who have not consented to disclosure, Defendants are **ORDERED** to produce such documents as provided below. To the extent that such documents exist and include confidential medical information of third parties who do not consent to disclosure, the documents are to be produced with the identities and confidential medical information that would tend to identify the third parties redacted.

Otherwise, Plaintiff's Motion is **DENIED**.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART**. To the extent that Defendants have been ordered to produce documents, such documents or a response stating that responsive documents do not exist, must be served upon Plaintiff within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**.

DATED: June 1, 2012

_Mitchell D. Dembin_
Hon. Mitchell D. Dembin
U.S. Magistrate Judge