# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>SELEAINA ANN THOMAS;<br>VROOMAN; SEPULVEDA;<br><br>　　　　　　　Defendants. | CASE NO. 09CV1334 WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the court is the Report and Recommendation filed by the Magistrate Judge recommending that the Motion for Summary Judgment filed by Defendants Thomas, Vrooman, and Sepulveda be granted and that Plaintiff's claims be dismissed. (ECF No. 104).

## BACKGROUND

On June 19, 2009, Plaintiff, a prisoner incarcerated at Kern Valley State Prison and proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis which was granted by the Court on November 9, 2009. (ECF Nos. 2, 16). On May 23, 2011, Plaintiff filed a First Amended Complaint ("Complaint"). (ECF No. 48). In the Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care while Plaintiff was incarcerated at Calipatria State Prison in 2006.

On May 18, 2012, Defendants filed a Motion for Summary Judgment, contending that Plaintiff failed to exhaust his claims against Defendants Vrooman and Sepulveda and that

1 Plaintiff cannot establish that Defendant Thomas was deliberately indifferent to a serious
2 medical need. (ECF No. 75). On July 18, 2012, Plaintiff filed an opposition. (ECF No. 94).
3 On July 27, 2012, Defendants filed a reply. (ECF No. 97).

4 On September 7, 2012, the Magistrate Judge issued a Report and Recommendation,
5 recommending that the Motion for Summary Judgment filed by Defendants be granted as to
6 Defendants Vrooman and Sepulveda on the grounds that Plaintiff failed to exhaust
7 administrative remedies against those defendants, and granted as to Defendant Thomas on the
8 grounds that Plaintiff has failed to establish that Defendant Thomas was deliberately
9 indifferent to his medical needs. (ECF No. 104).

10 On October 1, 2012, Plaintiff filed objections to the Report and Recommendation.
11 (ECF No. 106). In his objections, Plaintiff "stipulate[s] to [the Magistrate Judge's] conclusion
12 that [he] did not exhaust administrative remedies on [D]efendants Vrooman and Sepulveda,"
13 but asserts that "[D]efendant Thomas was fired by CDCR because of her medical negligence
14 and deliberate indifference to inmates serious medical needs." *Id.* at 2, 4. In his objections,
15 Plaintiff reiterates the arguments asserted in his Complaint and moving papers regarding
16 Defendant Thomas' administration of medical treatment to Plaintiff.

17 On October 12, 2012, Defendants filed a reply. (ECF No. 107). On October 22, 2012,
18 Plaintiff supplemented his objections, requesting that the Court order discovery of "[Defendant
19 Thomas'] personnel records and all records and documents regarding why she was fired by
20 CDCR.... and all that allege that she refused to provide treatment to patients." (ECF No. 109
21 at 2, 6). On November 8, 2012, Plaintiff again supplemented his objections, requesting that
22 the Court "issues a[n] order allowing [Plaintiff] to take depositions upon written questions of
23 non-party CDCR employees and material witnesses...." (ECF No. 111 at 1).

24 **REVIEW OF THE REPORT AND RECOMMENDATION**

25 The duties of the district court in connection with a report and recommendation of a
26 magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).
27 The district judge must "make a de novo determination of those portions of the report ... to
28 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After reviewing the Report and Recommendation and the record in this case, the Court finds that the Magistrate Judge correctly found that "Plaintiff failed to exhaust his administrative remedies with regard to all claims against Defendants Vrooman and Sepulveda." (ECF No. 104 at 10). In his objections, Plaintiff does not dispute that he failed to exhaust his administrative remedies against Defendants Vrooman and Sepulveda. (ECF No. 106 at 2). The Court finds that the Magistrate Judge correctly concluded that "Plaintiff has failed to establish that Defendant Thomas was deliberately indifferent to his medical needs." (ECF No. 104 at 19). In his objections, Plaintiff does not provide new evidence or argument to refute this conclusion. Plaintiff's request for additional discovery is untimely and the specific materials he seeks are immaterial to his individual claims against Defendant Thomas.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 104). The Motion for Summary Judgment filed by Defendants Thomas, Vrooman, and Sepulveda is GRANTED. (ECF No. 75).

Plaintiff is granted leave to amend his claims against Defendants Vrooman and Sepulveda within ninety (90) days of this Order. If Plaintiff fails to amend his claims against Defendants Vrooman and Sepulveda within ninety (90) days of this Order, the Clerk of the Court will be instructed to close this case.

DATED: November 27, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge