UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN DARNELL BRYANT, | CASE NO. 09cv1334-WQH-MDD |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SELEAINA ANN THOMAS; VROOMAN; SEPULVEDA; | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation filed by the Magistrate Judge (ECF No. 137) recommending that the Motion to Dismiss filed by Defendants Vrooman and Sepulveda (ECF No. 133) be granted and that Plaintiff's remaining claims be dismissed with prejudice.

## BACKGROUND

On June 19, 2009, Plaintiff, a prisoner currently incarcerated at Kern Valley State Prison and proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On May 23, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 48). In the First Amended Complaint, Plaintiff alleged that, while Plaintiff was incarcerated at Calipatria State Prison in 2006, Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and all Defendants "conspired together to cover up their actions and failures to act resulting from Defendant Thomas' actions." *Id*. at 6.

1   On November 27, 2012, this Court issued an Order adopting a Report and
2 Recommendation of the Magistrate Judge and granting Defendants' Motion for
3 Summary Judgment. (ECF No. 114). The Court found that Plaintiff failed to create a
4 genuine issue of material fact as to whether Defendant Thomas was deliberately
5 indifferent to Plaintiff's medical needs, found that Plaintiff failed to exhaust his
6 administrative remedies against Defendants Vrooman and Sepulveda, and granted
7 Plaintiff leave to amend his claims against Defendants Vrooman and Sepulveda.

8   On July 26, 2013, Plaintiff filed a Second Amended Complaint, which is the
9 operative pleading. (ECF No. 132). Plaintiff alleges that Defendants Vrooman and
10 Sepulveda were deliberately indifferent to Plaintiff's serious medical needs in August
11 2006.

12   On August 12, 2013, Defendants filed a Motion to Dismiss the Second Amended
13 Complaint. (ECF No. 133). Defendants contend that the Second Amended Complaint
14 should be dismissed with prejudice because Plaintiff failed to exhaust the prison's
15 administrative remedies and the Second Amended Complaint fails to adequately allege
16 a claim against Vrooman and Sepulveda.

17   On August 26, 2013, Plaintiff filed an opposition to the Motion to Dismiss (ECF
18 No. 135), and on September 27, 2013, Defendants filed a reply (ECF No. 136).

19   On January 7, 2014, the Magistrate Judge issued a Report and Recommendation,
20 recommending that this Court find that Defendants Vrooman and Sepulveda met their
21 burden of raising and proving that Plaintiff's claims against them are not exhausted as
22 required by 42 U.S.C. § 1997e(a). (ECF No. 137). The Magistrate Judge recommends
23 that this Court dismiss Plaintiff's claims against Vrooman and Sepulveda with
24 prejudice.

25   On January 31, 2014, Plaintiff filed an "Opposition to the Report and
26 Recommendation." (ECF No. 138). Plaintiff "incorporate[s] by reference [Plaintiff's]
27 opposition to the Motion to Dismiss," and states that if the Court dismisses his claims
28 against Vrooman and Sepulveda, Plaintiff requests that the Court dismiss the claims

without prejudice. *Id.* at 1. On February 10, 2014, Defendants filed a reply. (ECF No. 139).

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

After reviewing the Report and Recommendation and the record in this case de novo, the Court finds that the Magistrate Judge correctly concluded that Plaintiff failed to exhaust his administrative remedies with regard to all claims against Defendants Vrooman and Sepulveda. *See* ECF No. 137 at 1-23; *cf.* 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1121-22 (9th Cir. 2009).

Even if Plaintiff had properly exhausted his claims against Vrooman and Sepulveda, the single page of substantive allegations in the Second Amended Complaint alleges that "Defendants Vrooman and Sepulveda conspired with FNP Seleaina A. Thomas to prevent [Plaintiff] from receiving pain meds and on two occasions to prevent [Plaintiff] from seeing the FNP at all." (ECF No. 132 at 3). Even if Plaintiff plausibly alleged a conspiracy, Plaintiff has failed to plausibly allege an actual deprivation of civil rights—and based upon the grant of summary judgment as to the claims against Defendant Thomas, *see* ECF No. 114, Plaintiff cannot establish an actual deprivation of civil rights by Thomas. *See Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights).

Apart from Plaintiff's conspiracy allegation, the Second Amended Complaint fails to plausibly allege that Vrooman and Sepulveda violated Plaintiff's constitutional rights. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to

1  dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state
2  a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550
3  U.S. 544, 570 (2007)); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("Under 42
4  U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical
5  treatment, an inmate must show deliberate indifference to serious medical needs....
6  First, the plaintiff must show a serious medical need by demonstrating that failure to
7  treat a prisoner's condition could result in further significant injury or the unnecessary
8  and wanton infliction of pain. Second, the plaintiff must show the defendant's response
9  to the need was deliberately indifferent.") (quotations omitted).

10  Plaintiff's objection to the recommendation of dismissal with prejudice is
11  sustained; the Court dismisses the Second Amended Complaint without prejudice. *See*
12  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes
13  that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal
14  of the claim without prejudice."). Because the Court finds that granting Plaintiff further
15  leave to amend would be futile, the Court dismisses the Second Amended Complaint
16  without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

18  IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED
19  in part, as discussed above. (ECF No. 104). The Motion to Dismiss is GRANTED.
20  (ECF No. 133). The Second Amended Complaint is DISMISSED without prejudice
21  and without leave to amend. The Clerk of the Court shall close this case.

DATED: February 19, 2014

**WILLIAM Q. HAYES**
United States District Judge